## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAMON L. WHEELER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 6:25-cv-1075-EFM-BGS** |
| | ) |
| **WALGREEN CO.,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT WALGREEN CO.'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Walgreen Co. ("Walgreens") and denies Plaintiff Damon L. Wheeler's ("Plaintiff") claims and for its answer to Plaintiff's Complaint states as follows:

### ALLEGED EMPLOYMENT DISCRIMINATION COMPLAINT

1.  This employment discrimination lawsuit is based on (check only those that apply): Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, gender or national origin.

    Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability.

**ANSWER:** **Walgreens admits Plaintiff has attempted to bring an action for legal relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination but denies that it engaged in any unlawful practices that entitle Plaintiff to relief.**

1

2.    If you are claiming that the discrimination conduct occurred at a different location than the address provided for Defendant, please provide the following information: [no information provided].

**ANSWER:**    **No additional information was provided by Plaintiff with regard to Paragraph 2 of the Complaint, thus, no response is required.**

3.    When did the discrimination occur? Please give the date or time period: From August 8th 2024 until 10/20/2024.

**ANSWER:**    **Walgreens denies the allegations of Paragraph 3 of the Complaint.**

**ADMINISTRATIVE PROCEDURES**

4.    Did you file a charge of discrimination against Defendant(s) with the Kansas State Division of Human Rights or the Kansas Commission on Human Rights? Yes.

**ANSWER:**    **Walgreens admits the allegations of Paragraph 4 of the Complaint.**

5.    Did you file a charge of discrimination against Defendant(s) with the Equal Employment Opportunity Commission or other federal agency? Yes.

**ANSWER:**    **Walgreens admits the allegations of Paragraph 5 of the Complaint.**

6.    Have you received a Notice of Right-to-Sue Letter? Yes. If yes, please attach a copy of the letter to this complaint.

**ANSWER:**    **Walgreens admits a Notice of Right-to-Sue Letter was issued by the April 25, 2025 but denies the Notice of Right-to-Sue Letter was issued prior to the time Plaintiff filed his Complaint on April 23, 2025.  Walgreens is without information sufficient to admit or deny whether Plaintiff received a Notice of Right-to-Sue Letter and, therefore, denies.  Walgreens denies a copy of the Notice of Right-to-Sue Letter was attached to Complaint.**

7.      If you are claiming age discrimination, check one of the following: [none were checked].

**ANSWER:**    **No additional information was provided by Plaintiff with regard to Paragraph 7 of the Complaint, thus, no response is required.**

### NATURE OF THE CASE

8.      The conduct complained of in this lawsuit involves (check only those that apply):

Termination of my employment

Failure to accommodation my disability

Retaliation

Harassment.

Did you complaint about this same conduct in your charge of discrimination?

**ANSWER:**    **Walgreens admits Plaintiff was terminated from his employment at Walgreens.  Answering further, Walgreens states the charge of discrimination is a written document that speaks for itself.  Any misrepresentation of the charge of discrimination is denied.  Walgreens denies the remaining allegations in Paragraph 8 of the Complaint.**

9.      I believe that I was discriminated against because of (check all that apply) [while additional information was provided, Plaintiff did not check any protected categories because of which he believes he was discriminated].

Did you state the same reason(s) in your charge of discrimination? Yes

**ANSWER:**    **No additional information was provided by Plaintiff with regard to Paragraph 2 of the Complaint, thus, no response is required.  To the extent a response is required, Walgreens denies Plaintiff was discriminated against because of any legally protected status, including those listed in Paragraph 9.  Answering further, Walgreens states**

**the charge of discrimination is a written document that speaks for itself. Any misrepresentation of the charge of discrimination is denied.**

10.     State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. It is not necessary to make legal arguments, or to cite cases or statutes.

29 CFR part 525 Americans w/Disabilities Act / I was terminated without no accommodations being met for me, 29 CFR 1630.12 retaliation by co-workers starting towards each other the cause of me being sent home 42 U.S. Code 5200bb Violation of my religion I have tattoos of my religion and I was fired due to my marking on my skin.

**ANSWER:     Walgreens denies the allegations in Paragraph 10 of the Complaint.**

11.     The acts set forth in paragraph 10 of this complaint: [no additional information was provided by Plaintiff].

**ANSWER:  No additional information was provided by Plaintiff with regard to Paragraph 11 of the Complaint, thus, no response is required.**

12.     Plaintiff no longer works for Defendant or was not hired.

**ANSWER:     Walgreens admits Plaintiff is no longer employed by Walgreens. Walgreens denies Plaintiff was not hired by Walgreens.**

13.     If this is a disability-related claim, did Defendant deny a request for a reasonable accommodation? Yes. Explain: requested time of [sic] to get medications regulated in my system and I was denied.

**ANSWER:     Walgreens denies the allegations in Paragraph 13 of the Petition.**

4

## REQUEST FOR RELIEF

As relief from the allegations of discrimination as stated above, Plaintiff prays that the court grant the following relief to Plaintiff (check any and all that apply)

Monetary Damages

Monetary Damages/loss of wages from being full time to termination seeking $15,000 and such other relief as may be appropriate, including attorney's fees, if applicable.

**In response to Plaintiff's Request for Relief, Walgreens denies Plaintiff is entitled to any relief. Walgreens respectfully requests the Court deny Plaintiff any of the requested relief, and Walgreens requests the Court enter judgment in Walgreens' favor and award Walgreens' its reasonable attorneys' fees and costs.**

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter.

**Walgreens admits Wichita, Kansas is the proper venue for this matter, but denies any triable issues exist.**

## REQUEST FOR TRIAL BY JURY

Yes

**Walgreens admits Plaintiff requests trial by jury but denies any triable issues exist.**

## WALGREEN CO.'S DEFENSES, AFFIRMATIVE DEFENSES, AND OTHER PLEADING

1.      Walgreens denies each and every allegation and legal conclusion not expressly admitted in this document.

2.      Walgreens incorporates its denials and general denials of Plaintiff's allegations as if they were fully set forth in this section, and Walgreens further notes that it intends to defend against Plaintiff's allegations by arguing and showing that Plaintiff cannot meet hisfn burden of proof on the essential elements of her claims.

3. Plaintiff's claims are barred because Plaintiff has failed to satisfy the conditions precedent to filing this lawsuit, including the administrative exhaustion requirement under Title VII or the Americans with Disabilities Act.

4. Plaintiff's claims are barred by the statute of limitations and are otherwise time-barred, both at law and in equity.

5. Plaintiff's Complaint fails to adequately state a valid claim for relief.

6. All actions taken with respect to Plaintiff's employment were taken in good faith, for good cause and in the exercise of good faith business judgment, and in full compliance with all federal law, were nondiscriminatory, and were based on legitimate reasons that had nothing to do with religion, disability, request for accommodations, or any alleged complaints of mistreatment.

7. Walgreens undertook good faith efforts to comply with all applicable laws, thus barring any claim for punitive damages, in that, without limitation, Walgreens has implemented written policies and training regarding the prohibition of unlawful discrimination.

8. There is no basis in law or fact on which Plaintiff is entitled to recover damages.

9. Certain forms of equitable relief, such as compensatory damages, front pay, prejudgment interest, attorney's fees and costs, are for the Court, and not a jury, to decide.

10. Any alleged unlawful conduct engaged in by Walgreens' agents or employees, supervisory or otherwise (Walgreens denies that any such conduct occurred), was outside the scope of their employment and was contrary to Walgreens's good faith efforts to comply with any and all applicable laws, including federal laws regarding race discrimination and retaliation.

11. Walgreens exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Walgreens to avoid harm otherwise.

12.     To the extent that Plaintiff is awarded any damages (Walgreens denies Plaintiff suffered any such damages), such damages should be reduced by any of the following types of payments received by Plaintiff since the occurrence of any adverse employment action: interim/mitigation earnings, short-term disability, long-term disability, workers compensation and unemployment compensation.

13.     Walgreens states that any alleged damages sustained by Plaintiff (Walgreens denies Plaintiff suffered any such damages), if any, were solely caused by Plaintiff's own conduct or the conduct of others over whom Walgreens had no control and for which Walgreens cannot be liable.

14.     Plaintiff's claims or damages might be barred in whole or in part by the doctrine of after-acquired evidence.

15.     Plaintiff's alleged damages (which Walgreens denies) should be reduced by Plaintiff's failure to mitigate.

16.     A claim for punitive damages, if granted, would be grossly excessive and would violate the Due Process clause of the Fourteenth Amendment of the United States Constitution. Walgreens has not received fair notice that it could be subject to substantial punitive damages for the conduct alleged.

17.     A claim for punitive damages would violate the Eighth Amendment to the U.S. Constitution because it seeks to impose an excessive fine upon Walgreens, is penal in nature, and seeks to punish Walgreens upon vague standards.

18.     A claim for punitive damages violates the Due Process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution because it seeks to punish Walgreens based upon unconstitutionally vague standards.

19.    A claim for punitive damages would violate the Fifth Amendment to the U.S. Constitution because it would expose Walgreens to multiple punishments and fines for the same conduct.

20.    A claim for punitive damages violates the Due Process clause of the Fifth and Fourteenth Amendments to the United States Constitution in the absence of an order bifurcating the punitive damages claim from the issue of liability.

21.    Any award of punitive damages in this case would violate the Separation of Powers Doctrine since this Court and the jury would be usurping the exclusive power of Congress to define crimes and establish punishment.

22.    Any award of punitive damages in this case would be constitutionally defective as an ex post facto law prohibited by the United States Constitution.  The jury, in making any such punitive award, would be effectively criminalizing conduct after it has occurred and without appropriate advance notice to a defendant that such conduct may subject it to criminal punishment.

23.    Plaintiff's burden of proof is to support a punitive damage recovery by clear and convincing evidence.

24.    Any damages awarded herein, for which all liability is denied, are subject to any applicable limit or cap, as provided by law.

25.    Walgreens notes that discovery has not yet begun, and thus it reserves the right to assert further defenses.

WHEREFORE, for these reasons, Walgreens Co. respectfully requests that the Court enter judgment in Walgreens Co.'s favor, and that it award Walgreens Co. its reasonable costs and attorney's fees, and such further relief as the Court deems just and appropriate.

8

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: s/ *Sarah R. Holdmeyer*
   Sarah R. Holdmeyer (MO # 27584)
   1200 Main Street, Suite 3800
   Kansas City, MO 64105
   (816) 374-3200 telephone
   (816) 374-3300 facsimile
   sarah.holdmeyer@bclplaw.com

ATTORNEYS FOR DEFENDANTS WALGREEN CO.

## CERTIFICATE OF SERVICE

This certifies that on June 2, 2025, the foregoing was filed via the Court's Electronic Case Filing System, which will send notice of the filing to all counsel of record and sent a copy of the foregoing by U.S. Mail to Plaintiff at:

   Damon Lamont Wheeler
   408 E. Lincoln St.
   Wichita, KS 67211

/s/ *Sarah R. Holdmeyer*
Attorney for Defendant